**In the Matter of Michael RILEY.**

**No. 1076 S 329.**

Supreme Court of Indiana.

April 11, 1980.

### ORDER OF REINSTATEMENT

Comes now the Respondent and petitions this Court to be reinstated as an attorney before the bar of this State and comes now the Disciplinary Commission of the Supreme Court and, pursuant to Admission and Discipline Rule 23, Section 18, submits to this Court findings of fact and a recommendation by the majority of the participating members for reinstatement.

This Court being duly advised now adopts and accepts as its own the findings of fact submitted by the majority of participating members of the Disciplinary Commission and, accordingly, further finds that the Respondent should be reinstated to the practice of law in this State.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by this Court that the Respondent in this cause, Michael Riley, is reinstated as an attorney in the State of Indiana.

The Clerk of this Court is directed to forward a copy of this Order to all attorneys of record, the Respondent, and all persons who were furnished the Order of Suspension.

Costs of this proceeding are assessed against the Respondent.

DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., dissenting.

I agree with the dissenting opinion filed by Jeanne S. Miller that a person desiring reinstatement to practice law must establish by clear and convincing evidence, pursuant to Section 4 of Ind. R.A.D. 23, that he can now safely be recommended to the legal profession.

The petitioner himself has candidly admitted his problem and his inability to completely overcome that problem. The Disciplinary Commission's records indicate that the petitioner would consent to some kind of probationary status and supervision as a condition to reinstatement. I believe that he has failed to establish clear and convincing proof that he is eligible for complete reinstatement.

I therefore dissent for the reason that I do not believe unrestricted reinstatement at this time is appropriate.